PHILIP R. SELLINGER
United States Attorney
ELIZABETH A. PASCAL
BROOKS E. DOYNE
Assistant United States Attorneys
970 Broad Street, Suite 700
Newark, NJ 07102
Main Tel.: (973) 645-2700

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| YAZMIN JUÁREZ COYOY, on her own behalf and as surviving parent of MARIEE CAMYL NEWBERRY JUÁREZ,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant.* | HON. JULIEN X. NEALS<br><br>*Civil Action No.* 2:20-cv-02501-JXN-ESK<br><br>**AMENDED ANSWER TO COMPLAINT AND DEFENSES BY DEFENDANT UNITED STATES OF AMERICA** |

Defendant United States of America, by its attorney, Philip R. Sellinger, United States Attorney for the District of New Jersey (Elizabeth A. Pascal and Brooks E. Doyne, Assistant United States Attorneys, appearing), answers the Complaint filed by Plaintiff Yazmin Juárez Coyoy ("Plaintiff" or "Ms. Juárez") as follows:

### NATURE OF ACTION

1.    Denied.

2.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 at this time, accordingly they are denied, except that the United States specifically denies that the

South Texas Family Residential Center is a "jail."

3.      The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence contained in paragraph 3.  The United States denies the allegations contained in the remainder of paragraph 3.

4.      Denied.

5.      Denied.

## JURISDICTION AND VENUE

6.      The allegations contained in paragraph 6 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent that an answer is required they are denied.

7.      The United States admits that Plaintiff submitted an administrative claim through her attorney dated November 27, 2018 and addressed to the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, and U.S. Department of Health and Human Services.  The United States admits that U.S. Immigration and Customs Enforcement sent a final denial of the administrative claim in a letter dated September 9, 2019.

8.      The allegations contained in paragraph 8 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent that an answer is required they are denied.

## PARTIES

9.      The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and they are therefore denied, except that it admits that Mariee[1] was a citizen of Guatemala and the infant daughter of Plaintiff.

10.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and they are therefore denied, except that it admits that Plaintiff is Mariee's mother.

11.     The allegations contained in paragraph 11 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

12.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and they are therefore denied.

13.     The United States denies the allegations contained in paragraph 13, except that it admits that Plaintiff and Mariee were apprehended shortly after they crossed the border and temporarily detained at a U.S. Customs and Border Patrol immigration processing center.

---

[1] To avoid confusion, Defendant refers to the decedent as "Mariee" in this Answer in same manner as the Plaintiff in the Complaint.  *See* Compl., ¶1.

14.     The United States denies the allegations contained in paragraph 14, except that it admits that the lights are on 24 hours a day at the U.S. Customs and Border Patrol immigration processing center.

15.     Denied.

16.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 at this time, accordingly they are denied.

17.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, accordingly they are denied, except that it admits that Plaintiff and Mariee were assigned to a room with other mothers with a child.

18.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and they are therefore denied.

19.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and they are therefore denied.

20.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 at this time, accordingly they are denied, except that it denies that Mariee was examined by an IHSC physician assistant on March 11, 2018.

21.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 at this time, accordingly they are denied, except that it denies that Mariee was examined by an IHSC physician assistant on March 12, 2018.

22.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 at this time, accordingly they are denied, except that it denies that Plaintiff sought medical attention at an IHSC clinic.  Answering further, the United States avers that the clinic was run and was staffed by healthcare workers from Maxim Healthcare Services.

23.     Denied.  Answering further, the United States avers that no member of the IHSC medical staff treated or examined Mariee.

24.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 at this time, accordingly they are denied, except that it denies that Mariee was seen on March 15, 2018 by an IHSC physician assistant.

25.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 at this time, accordingly they are denied, except that it denies that an IHSC physician assistant made any statements concerning Mariee's medical condition on March 21, 2018.

26.     Denied.

27.     The United States lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 27 at this time, accordingly they are denied, except that it denies that an IHSC physician made any orders or gave directions as to Mariee's medical follow-up.

28.    Denied.  Answering further, the United States avers that no IHSC registered nurse examined or made notes in Mariee's medical chart on March 23, 2018.

29.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 at this time, accordingly they are denied, except that it denies that Plaintiff asked an IHSC registered nurse to conduct a more detailed examination of Mariee.

30.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 at this time, accordingly they are denied, except that it admits that Plaintiff was notified of an appointment for Mariee to be seen at 8:00 a.m. on March 25, 2018.  Answering further, the United States avers that Plaintiff refused the appointment for Mariee that was scheduled for March 25, 2018 at 8:00 a.m. and instead chose to go to the airport for transfer to New Jersey.

31.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 at this time, accordingly they are denied, except that it admits that a licensed vocational nurse who was not an employee of the United States checked Mariee's medical chart for purposes of the transfer and discharge of the Mariee from the facility.

32.    The United States generally denies the allegations contained in paragraph 32, and the United States specifically denies the allegation that an IHSC licensed vocational nurse completed the Transfer Summary.

33.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 at this time, accordingly they are denied, except that the United States avers on information and belief that Plaintiff refused a last medical appointment for Mariee with The Children's Hospital of San Antonio so she could transfer to New Jersey.

34.    The allegations contained in paragraph 34 of the Complaint are not statements of fact but are conclusion of law to which no answer is required.  To the extent an answer is required, they are denied.

35.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and they are therefore denied.

36.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and they are therefore denied.

37.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and they are therefore denied.

38.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and they are therefore denied.

39.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and they are therefore denied.

40.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and they are therefore denied.

41.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and they are therefore denied.

42.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and they are therefore denied.

43.    The United States generally denies the allegations contained in paragraph 43, and the United States specifically denies the allegation that IHSC provided medical care to Mariee.

44.    The United States generally denies the allegations contained in paragraph 44, and the United States specifically denies the allegation that IHSC provided medical care to Mariee.

## <u>FIRST CAUSE OF ACTION</u>
## (TEXAS SURVIVAL STATUTE: NEGLIGENCE AND GROSS NEGLIGENCE)
## (Tex. Civ. Prac. & Rem. Code § 71.021, *et seq.*)

45.     The United States incorporates by reference the foregoing answers as if set forth fully herein.

46.     The allegations contained in paragraph 46 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

47.     The United States generally denies the allegations contained in paragraph 47, and the United States specifically denies the allegation that IHSC employees staffed the clinic at the South Texas Family Residential Center.

48.     Denied.

49.     Denied.

50.     The allegations contained in paragraph 50 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## <u>SECOND CAUSE OF ACTION</u>
## (TEXAS WRONGFUL DEATH ACT: NEGLIGENCE AND GROSS NEGLIGENCE) (Tex. Civ. Prac. & Rem. Code § 71.001, *et seq.*)

51.     The United States incorporates by reference the foregoing answers as if set forth fully herein.

52.     The allegations contained in paragraph 52 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

53.     The United States generally denies the allegations contained in paragraph 53, and the United States specifically denies the allegation that IHSC employees staffed the clinic at the South Texas Family Residential Center.

54.     Denied.

55.     Denied.

56.     The allegations contained in paragraph 56 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## THIRD CAUSE OF ACTION
### (TEXAS SURVIVAL STATUTE: MEDICAL NEGLIGENCE)
### (Tex. Civ. Prac. & Rem. Code §§ 74.051, 74.052 – Medical Liability Act)

57.     The United States incorporates by reference the foregoing answers as if set forth fully herein.

58.     The allegations contained in paragraph 58 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

59.     Denied.

60.     The United States generally denies the allegations contained in paragraph 60, and the United States specifically denies the allegation that IHSC employees staffed the clinic at the South Texas Family Residential Center.

61.     Denied.

62.     Denied.

63.     The allegations contained in paragraph 63 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

### FOURTH CAUSE OF ACTION
**(TEXAS WRONGFUL DEATH ACT: MEDICAL NEGLIGENCE)**
**(Tex. Civ. Prac. & Rem. Code §§ 74.051, 74.052 – Medical Liability Act)**

64.     The United States incorporates by reference the foregoing answers as if set forth fully herein.

65.     The allegations contained in paragraph 65 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

66.     Denied.

67.     The United States generally denies the allegations contained in paragraph 67, and the United States specifically denies the allegation that IHSC employees staffed the clinic at the South Texas Family Residential Center.

68.     Denied.

69.     Denied.

70.     The allegations contained in paragraph 70 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

### FIFTH CAUSE OF ACTION
**(TEXAS SURVIVAL STATUTE: NEGLIGENCE PER SE)**
**(Tex. Civ. Prac. & Rem. Code § 71.021, *et seq.*)**

71.   The United States incorporates by reference the foregoing answers as if set forth fully herein.

72.   The allegations contained in paragraph 72 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

73.   The United States generally denies the allegations contained in paragraph 73, and the United States specifically denies the allegation that IHSC employees staffed the clinic at the South Texas Family Residential Center.

74.   The allegations contained in paragraph 74 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

75.   The actual document to which Plaintiff is referring in this paragraph is the best and most complete characterization and the United States denies the Plaintiff's characterization to the extent it is inconsistent.  The United States specifically denies the allegation that an IHSC licensed vocational nurse completed the Transfer Summary.

76.   The allegations contained in paragraph 76 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.  The United States specifically denies the allegation that an IHSC licensed vocational nurse completed the Transfer Summary.

77.   Denied.

78.    The allegations contained in paragraph 78 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## SIXTH CAUSE OF ACTION
### (TEXAS WRONGFUL DEATH ACT: NEGLIGENCE PER SE)
### (Tex. Civ. Prac. & Rem. Code § 71.001, *et seq.*)

79.    Defendant incorporates by reference the foregoing answers as if set forth fully herein.

80.    The allegations contained in paragraph 80 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

81.    The United States generally denies the allegations contained in paragraph 81, and the United States specifically denies the allegation that IHSC employees staffed the clinic at the South Texas Family Residential Center.

82.    The allegations contained in paragraph 82 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

83.    The actual document to which Plaintiff is referring in this paragraph is the best and most complete characterization and the United States denies Plaintiff's characterization to the extent it is inconsistent.

84.    The allegations contained in paragraph 84 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.  Answering further, the United States

specifically denies that an IHSC vocational nurse conducted or filled out a Transfer Summary for Mariee.

85.    Denied.

86.    The allegations contained in paragraph 86 of the Complaint are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, they are denied.

## JURY DEMAND

87.    Plaintiff's demand for a jury trial against the United States in this action is barred under 28 U.S.C. §§ 1346(b), 2402.

The United States denies each and every factual allegation contained in the Complaint, except as expressly admitted or qualified herein.

## PRAYER FOR RELIEF

Defendant United States denies that Plaintiff is entitled to any relief sought in the "Prayer for Relief."  Moreover, to the extent that the assertions under that heading are deemed to contain any allegations of fact, each and every such allegation is denied.  Answering further, pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for prejudgment interest against the United States and Plaintiff cannot recover a separate award for attorney's fees from the United States. *See* 28 U.S.C. § 2412(d)(1)(A).

## DEFENSES

1.    The United States pleads sovereign immunity as a complete defense. Plaintiff's exclusive remedy lies under the Federal Tort Claims Act ("FTCA"), 28

U.S.C. §§ 1346(b), 2671-80, and its statutory limitations on recovery are strictly construed in favor of the Government.

2.      Plaintiff's claims are subject to and limited by the FTCA.

3.      The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the FTCA.

4.      The United States is not liable for alleged acts or omissions outside the scope of an employee's duties, or for the alleged acts or omissions by Plaintiff, non-federal employees, third parties, or independent contractors under the FTCA.

5.      Tort based claims that have not been administratively exhausted against an identified licensed physician or employee of the United States do not provide sufficient notice of a claim and may be barred by the FTCA's two-year statute of limitations.  28 U.S.C. 2401(b).

6.      To the extent that Plaintiff asserts claims or legal theories against the United States in this action that were not asserted in an administrative tort claim presented to the appropriate federal agency such claims are barred under 28 U.S.C. § 2675.

7.      Plaintiff's recovery, if any, is limited to the amount claimed administratively under 28 U.S.C. § 2675(a), and any relevant provisions of Texas statutory and common law, or such other states' law(s) as may be deemed applicable.

8.      Plaintiff is not entitled to recovery of attorney's fees against the United States, and payment of attorney's fees by Plaintiff is limited to 25 percent of any settlement or judgment amount.  28 U.S.C. § 2678.

9.      Plaintiff is not entitled to recover prejudgment interest or punitive damages against the United States.  28 U.S.C. § 2674.  Further, recovery of post-judgment interest is limited under 31 U.S.C. § 1304.

10.     Plaintiff's recovery of medical or health care expenses, if any, is limited to those reasonable and necessary medical expenses actually paid or incurred by Plaintiff.  Texas Civil Practice & Remedies Code § 41.0105; *Haygood v. DeEscabedo*, 356 S.W.3d 390 (Tex. 2011).

11.     The United States asserts its entitlement to a reasonable set-off, credit, or reimbursement in the amount of past or future medical expenses and benefits provided by the United States, or any federal agency, against any settlement or judgment in favor of Plaintiff.

12.     Plaintiff's recoverable noneconomic damages are statutorily limited to $250,000.00 by the Texas Civil Practice & Remedies Code §§ 74.301 *et seq.*, or other applicable provisions of Texas law.

13.     The Complaint in whole or in part fails to state a claim upon which relief may be granted against the United States.

14.     This Court lacks subject matter jurisdiction over some or all of the claims asserted in the Complaint.

15.     The United States denies that any breach of the standard of care, or the breach of any duty owed by an employee of the United States caused, proximately caused, or contributed to, Plaintiff's injuries.

16.     No act or omission by an employee of the United States was a substantial factor in causing either Mariee's death or Plaintiff's alleged injuries.

17.     The United States, through its employees and agents, acted with due care and diligence at all relevant times.

18.     Any actions attributable to the United States were at all times privileged, justified, or taken in good faith at all times.

19.     Plaintiff cannot prove foreseeability of the alleged harm or injuries.

20.     The United States did not have actual, subjective awareness of any risk.

21.     The United States did not proceed in conscious indifference to Plaintiff's and Mariee's rights, safety, or welfare.

22.     The United States acted in a reasonably prudent manner to protect Plaintiff and Mariee from known and foreseeable risks of harm.

23.     The United States pleads the negligence or fault of Plaintiff in denying or refusing medical care as a bar to, or in mitigation of any recovery herein, in accordance with state law theories of comparative responsibility and contribution. *See, e.g.,* 28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; Texas Civil Practice and Remedies Code §§ 32.001 *et seq.* and 33.001 *et seq.*

24.     In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for

whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the plaintiff's alleged injury, cutting off the legal effect of the United States' negligence.

25.    The United States pleads a right of contribution, comparative offset, and proportionate responsibility, for any alleged injuries and damages that are determined to be attributable to the conduct, acts, or omissions, negligence, liability, or fault of non-employees, third parties, or independent contractors, including other defendants, settling parties, or responsible third parties.  Texas Civil Practice and Remedies Code §§ 32.001 *et seq.*; 33.001 *et seq.*

26.    A new and independent cause intervened between any alleged negligent conduct by the United States, Plaintiff's alleged injuries and Mariee's death.

27.    The illness Mariee allegedly died from was either pre-existing, or it was developed after Mariee left the South Texas Family Residential Center.

28.    The Texas Civil Practice and Remedies Code Chapter 74 is inapplicable to Plaintiff's Complaint since this is an alleged wrongful death claim arising from a "Healthcare Liability Claim."

29.    No employee of the United States at the South Texas Family Residential Center who interacted with Plaintiff or Mariee was a "Healthcare Provider" as defined by Texas Law.

30.    Venue is improper because the Plaintiff does not legally reside in this district and the allegedly negligent or wrongful acts and omissions did not occur in this district.

31. Due to Plaintiff's failure to effect proper and timely service of process, this Court lacks personal jurisdiction over the United States.

32. To the extent that the Complaint refers to or quotes from external documents, particularly medical records and dates, the United States refers to such materials for a full and accurate statement of such content. Nothing in the Answer is intended to be, and should not be construed as, an admission that the cited external materials are correctly quoted or relevant to this action.

33. Defendant reserves any and all affirmative defenses not specifically asserted herein to which it is entitled, particularly those listed in Federal Rule of Civil Procedure 8(c), and reserves the right to seasonably amend this Answer to assert additional affirmative defenses that may be revealed during discovery.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Local Civil Rule 8.1, Defendant United States demands that within fourteen (14) days of service hereof, Plaintiff serve upon the undersigned a written statement of all damages claimed in the Complaint.

**WHEREFORE**, Defendant United States respectfully requests that the Court: (1) dismiss the Complaint with prejudice, (2) enter judgment in Defendant's favor; and (3) grand such further relief as the Court deems just and proper.

Dated:   Newark, New Jersey
          February 14, 2022

                                    Respectfully submitted,

                                    PHILIP R. SELLINGER
                                    United States Attorney

                        By:     *s/Elizabeth A. Pascal*

                                    ELIZABETH A. PASCAL
                                    Assistant United States Attorney

                                    *s/Brooks E. Doyne*

                                    BROOKS E. DOYNE
                                    Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I, Brooks E. Doyne, hereby certify that on January 19, 2022, I caused to be served a copy of Defendant United States' Amended Answer to Plaintiff's Complaint by filing it through the Court's CM/ECF system, which will make a copy available to the following person:

Paul J. Fishman, Esq.
Arnold & Porter Kaye Scholer LLP
One Gateway Center, Suite 1025
Newark, NJ 07102

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Executed on this 14th day of February, 2022.


*s/Brooks E. Doyne*
_____
Brooks E. Doyne
Assistant United States Attorney